*58 Opinion of the court by
Justice TurneR.
The defendant below objected to the evidence going to the jury, and excepted to the opinion of the court which permitted it to be read. Several other points were raised on the trial below, which it is unnecessary to notice on the present occasion, as we are clearly of opinion that the judgment must be reversed, on the point raised by the 4th assignment of errors, viz. “ The court erred in permitting to be read in evidence to the jury, the minutes of the circuit court of Holmes county, of the entry of a verdict and judgment in the case of Hall, Walker and Walton v. John Lehr, administrator,” &c.
We take it to be a well established rule of law, that where a party relies on the judgment of a court of record, as evidence to support an action, the “record of the judgment” should be-exhibited. What constitutes such a record is well known to the profession, and what would be an authentication of such a record is equally well known. It will not be safe to take for a record of a recovery, parts and scraps thereof from the minute book. The original writ, declaration, pleadings, judgment, &c. are required in making up a full and complete record, and then a certificate under seal, that it is a “ full and complete record of judgment and proceedings had therein,” or the entire record itself, as the judgment stands recorded in the book of records of final judgments should be produced. This judgment may have been arrested, or a new trial granted, or there may not have been service of process, &c. As to the admission of the execution docket, and the evidence of the witnesses about the lost execution, these were admissible, and there is no error in that part of the proceedings. The judgment is reversed, a venire facias de novo awarded, and cause remanded.